IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-01926-LTB-PAC

RICKY TRAVIS,

      Plaintiff,

v.

DAN BENNIT[1], Postal Inspector, Colorado Springs Pikes Peak Office,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**Patricia A. Coan, United States Magistrate Judge**

      Plaintiff filed his amended *pro se* complaint against the defendant, a now retired postal inspector, on December 13, 2004.  The case was referred to the undersigned for pretrial case management and recommendations on dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B) and FED.R.CIV.P. 72(a) and (b) on January 12, 2005. After the court directed plaintiff to serve the defendant correctly, service was effected on May 9, 2005.  The matters now before the court are defendant's Motion to Dismiss, filed June 21, 2005 [doc. #36], to which plaintiff responded on June 27, 2005, and plaintiff's Motion for Summary Judgment, filed December 13, 2005 [doc. #58], to which defendant responded on January 3, 2006.  Both motions have been referred for recommendation on disposition.  Oral argument would not be of material assistance.

_____

[1]  Plaintiff has incorrectly spelled defendant's name as "Bennit."   The correct spelling of "Bennett" is used throughout this Recommendation.

04-cv-01926-LTB-PAC
January 16, 2006

## I. Background

Plaintiff asserts three claims against Bennett arising out of plaintiff's visits to the

Colorado Springs main post office to investigate activity that plaintiff believed to be mail

fraud perpetrated by an employee of a credit card company to which plaintiff owed

money.[2]  Plaintiff alleges that defendant grabbed plaintiff and harassed him; that

defendant restricted plaintiff's right to use a public building; and, that defendant

threatened plaintiff with bodily harm and arrest if plaintiff returned to that post office.

Plaintiff's complaint, read broadly, is a Bivens[3] action, because plaintiff may be

seeking damages against a government agent for violation of rights under the

Constitution or laws of the United States, thereby initially meeting the jurisdictional

requirement for this Court.  See *Bell v. Hood*, 327 U.S. 678, 682 (1946)(the court must

assume jurisdiction to decide whether the allegations state a cause of action on which

the court can grant relief as well as to determine issues of fact arising in the

controversy).

On March 22, 2005, Bennett, *pro se*, submitted a declaration in response to

plaintiff's complaint, along with a formal request to the U.S. Attorney's office for legal

---

[2]Plaintiff suspected fraudulent activity because he maintained that he was making payments on his credit card account but that the balance was not decreasing.

[3]*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971)(a plaintiff's claim of violation of a constitutional right by a federal agent acting under color of his authority gives rise to a cause of action for damages resulting from agent's unconstitutional conduct); see also Order to Construe Complaint as Filed Pursuant to Bivens, entered by Magistrate Judge Schlatter on January 11, 2005.

2

04-cv-01926-LTB-PAC
January 16, 2006

representation.[4]  The clerk docketed those papers as an answer to the complaint.  In

his motion to dismiss, defendant moves, through counsel, to dismiss all claims against

him, arguing that the United States has not waived sovereign immunity; that the

complaint fails to state a claim for relief; and that defendant is entitled to qualified

immunity on claims against him in his individual capacity.

II. Standard of Review

The party bringing an action in federal court bears the burden of showing that

the case falls within the court's subject matter jurisdiction. *Henry v. Office of Thrift

Supervision*, 43 F.3d 507, 512 (10th Cir. 1994).  Where the defendant's Rule 12(b)(1)

challenge to the court's jurisdiction is lodged as a facial attack on the complaint, the

court must accept the allegations of the complaint as true.  *Holt v. United States*, 46

F.3d 1000, 1002 (10th Cir. 1995).  If the defendant goes beyond the allegations of the

complaint and challenges the facts upon which subject matter jurisdiction depends, the

court may not presume the truthfulness of the plaintiff's factual allegations, but must

resolve disputed issues of fact.  *Id.* at 1003.  In such a case, the court's reference to

documents outside the pleadings does not convert the Rule 12(b)(1) motion into a Rule

56 motion.  *Id.*

On a motion to dismiss under FED.R.CIV.P. 12(b)(6) for failure to state a claim,

---

[4]Bennett states in his declaration that he documented plaintiff's visits to the post office because plaintiff's behavior toward Postal Inspection support staff member Susan Concha was threatening and Bennett believed that the documented information might be useful in the event a criminal complaint was later filed against plaintiff for harassing and threatening Ms. Concha.  Bennett declaration, filed March 22, 2005, ¶17 at 5.

3

04-cv-01926-LTB-PAC
January 16, 2006

the court must accept as true well-pleaded factual allegations.  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). All reasonable inferences must be resolved in plaintiff's favor.  *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted).   Dismissal is appropriate only if  "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565.

The appropriate basis for dismissal of a *Bivens* claim is failure to state a claim upon which relief can be granted under Rule 12(b)(6).  *Peoples v. C.C.A. Detention Centers*, 422 F.3d 1090, 1095-96 (10th Cir. 2005) (citation omitted).

*Pro se* pleadings are to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   A court will not construct legal theories which assume facts that have not been pleaded, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989),  nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. Analysis

*A. Claims Against Defendant in his Official Capacity*

Defendant first has moved to dismiss the amended complaint for lack of subject matter jurisdiction under FED.R.CIV.P. 12(b)(1), contending that claims against him in his official capacity are barred by sovereign immunity.  Plaintiff bears the burden of showing that the case falls within the court's subject matter jurisdiction.  *Henry*, 43 F.3d

4

04-cv-01926-LTB-PAC
January 16, 2006

at 512.

The first issue is the capacity in which the defendant has been sued.  In

determining whether a lawsuit is against a defendant personally or in his official

capacity, the Supreme Court has stated that "[i]n many cases, the complaint will not

clearly specify whether officials are sued personally, in their official capacit[ies], or

both. 'The course of proceedings' in such cases typically will indicate the nature of the

liability sought to be imposed."  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)

(quoting *Brandon v. Holt*, 469 U.S. 464, 469 (1985)).  Thus, where the complaint fails to

specify the capacity in which the government official is sued, the court looks to the

substance of the pleadings and the course of the proceedings in order to determine

whether the suit is filed against defendant in his individual or official capacity.  *Pride v.

Does*, 997 F.2d 712, 715 (10th Cir. 1993).

Here, there are  few factual allegations in the amended complaint, and none

which could support any inference about the capacity in which defendant is sued.  To

the extent that plaintiff asserts that his civil rights were violated by defendant's actions

in his official capacity as a postal inspector, however, sovereign immunity must be

considered.  This is because "[i]t is elementary that the United States, as sovereign, is

immune from suit save as it consents to be sued, and the terms of its consent to be

sued in any court define that court's jurisdiction to entertain the suit."  *United States v.

Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation omitted).  Further, because a suit

against a federal official in his official capacity is in fact a claim against the United

5

04-cv-01926-LTB-PAC
January 16, 2006

States, *Kentucky v. Graham*, 473 U.S. at 166, defendant in his official capacity as an

agent of the United States Postal Service may also claim sovereign immunity from suit

for actions performed in his official capacity.   See *Merida Delgado v. Gonzales*, 428

F.3d 916, 919 (10th Cir. 2005)(in general, federal agencies and officers acting in their

official capacities are also shielded from suit by sovereign immunity); *Wyoming v.

United States*, 279 F.3d 1214, 1225 (10th  Cir. 2002)(same).  Moreover, plaintiff does

not claim any waiver of sovereign immunity.  "A waiver of sovereign immunity cannot be

implied but must be unequivocally expressed."  *Mitchell*, 445 U.S. at 538 (quotation

omitted).  Accordingly, dismissal of all of plaintiff's claims against defendant in his

official capacity for lack of jurisdiction is appropriate, because an official capacity suit

against Bennett is the same as a suit against the federal governmental entity, and is

therefore barred by sovereign immunity.  *Hatten v. White*, 275 F.3d 1208, 1210 (10th

Cir. 2002) (holding that a suit against a federal employee in his official capacity is a suit

against the United States and that such a suit is barred by the doctrine of sovereign

immunity).

Next,  a *Bivens* action may not be brought against federal agencies or agents

acting in their official capacities.  *Simmat v. U.S. Bur. of Prisons*, 413 F.3d 1225, 1231

(10th Cir. 2005) (stating "there is no such animal as a Bivens suit against a public

official tortfeasor in his or her official capacity"); *Hatten*, 275 F.3d at 1210, citing

*Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994).  Accordingly, the

*Bivens* claims against defendant in his official capacity also should be dismissed.

6

04-cv-01926-LTB-PAC
January 16, 2006

 *B. Whether Defendant is Entitled to Qualified Immunity on Claims Against Him in His Individual Capacity*

 Because plaintiff asks for money damages (Amended Complaint [AC] at 6), the court assumes that plaintiff has sued defendant in his individual capacity because money damages are not available in an official capacity suit. *Pride*, 997 F.2d at 715. Defendant next argues that all claims against him in his individual capacity should be dismissed because qualified immunity protects him from suit and because plaintiff has failed to state a claim on which relief can be granted.

 In *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.

 Here, Bennett raised the defense of qualified immunity in his motion to dismiss. After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000), to demonstrate: first, whether the facts show that the official's conduct violated a constitutional right, *Saucier v. Katz*, 533 U.S. 194, 201 (2001), and second, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Douglas v. Dobbs*, 419 F.3d 1097, 1101 (10th Cir. 2005), citing *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1251 (10th Cir. 2003).

 Mr. Travis has made no attempt to meet his burden of showing that the conduct

04-cv-01926-LTB-PAC
January 16, 2006

he complains of violated any constitutional or statutory right.  In his first claim, plaintiff

states only that he was "physically harassed" when defendant grabbed his arm. (AC at

3)  Plaintiff's second claim states he was "pulled by the arm" and Bennett told him to

"never come back."  (AC at 4)  Finally, plaintiff's third claim refers only to being

threatened with bodily harm if plaintiff didn't immediately leave the post office or if he

returned to the post office.  (AC at 5)

      In his response to Mr. Bennett's motion to dismiss, plaintiff offers no facts to

support  his claims, and no allegations that Bennett violated any of plaintiff's federal

constitutional or statutory rights.  Plaintiff's belief or feeling that defendant "knowingly

violated" some undefined "civil rights" is insufficient to withstand a motion to dismiss.

Consequently, because plaintiff did not allege any violation of a constitutional or

statutory right, he has failed to carry the first part of his burden, so that I need not

consider the second part-whether the right he alleges was violated was clearly

established at the time of the defendant's actions.  *Mata v. Saiz*, 427 F.3d 745, 749

(10th Cir. 2005)(citing *Saucier*, 533 U.S. at 201)(if no constitutional right would have

been violated were the allegations established, there is no necessity for further

inquiries concerning qualified immunity).  I recommend finding that plaintiff has failed to

meet his burden and that defendant is entitled to qualified immunity and therefore, to

dismissal of all claims against him in his individual capacity as a matter of law.

      *C. Whether Plaintiff Failed to State a Claim for Relief*

      Defendant finally moves to dismiss plaintiff's complaint contending that plaintiff

04-cv-01926-LTB-PAC
January 16, 2006

has failed to state a claim for violation of his Fourth Amendment right to be free of

excessive force.  Plaintiff has not alleged either the existence of a constitutional or

statutory right or how the defendant's actions violated any constitutional or statutory

right.  Even if, as alleged, defendant did threaten plaintiff, mere verbal threats or verbal

harassment does not rise to the level of a constitutional violation unless the threat or

instance of harassment creates "terror of instant and unexpected death." *Northington v.*

*Jackson*, 973 F.2d 1518, 1524 (10th Cir.1992).  Here, plaintiff has failed to allege the

requisite facts which would demonstrate any constitutional violation.  I therefore

recommend that defendant's motion be granted for plaintiff's failure to state a claim for

relief.

### *D. Plaintiff's Motion for Summary Judgment*

In his Motion for Summary Judgment, plaintiff simply reiterates allegations in his

complaint, does not present any legal or factual argument, and does not set forth any

appropriate ground for the grant of summary judgment in his favor.  Plaintiff's Motion for

Summary Judgment should be denied.

### V. Recommendation

For the reasons stated, it is hereby

**RECOMMENDED** that defendant's Motion to Dismiss, filed June 20, 2005 [doc.

# 36] **be granted** and that plaintiff's complaint and all of his claims be **dismissed.**  It is

**further**

**RECOMMENDED** that the plaintiff's Motion for Summary Judgment, filed

9

04-cv-01926-LTB-PAC
January 16, 2006

December 13, 2005 [doc. # 58] **be denied.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 16th  day of January, 2006.

BY THE COURT:

 s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge

10